We will next hear an argument in Chacon v. Ohio State Life Insurance. Good evening, police and court. My name is David Abbey. I represent plaintiff appellant Israel Chacon. There's a number of issues we can talk about. If you don't have a preference, I'll start with section 192 and section 42. We're miles apart on which of these sections applies. It seems to me that section 142 would be the controlling section of the restatement because it's the only one that deals with statutes and limitations. The other side says it has to be 192. I think that certainly applies to certain substantive issues about the contract, and it's certainly the 8.9. But under Deputy Sanoj, which Arizona and I believe New Mexico both follow, we deal with each substantive issue of the courts in the case and what state has the most significant relationship across states. So would we apply Arizona choice if we're going to look at stimulant? Because the case, the form is Arizona. Yes. So the question is what statute of limitations would an Arizona court apply under these circumstances? Arizona would apply the longer statute of limitations. One thing that, and I continue to agree with your argument just to tell it to have fit. The district court focused on the wrong section of the restatement. I have a question. If your client had brought this case while still residing in New Mexico, and I think he could have under New Mexico law, the New Mexico statute of limitations would apply. Correct? Well, maybe. Well, if what other possible statute of limitations, it's possible. Here we're choosing, we're now at a point where we're choosing between the New Mexico statute and the Arizona statute. Correct? Yes. You said what is the statute of limitations change when he moves? Well, what changes is which state has the most significant interest in this particular case. Do you have to show most significant interest? See, I thought your argument was under the restatement section that you think is applicable. It's enough that Arizona has an interest. What is the substantial interest? What is the substantial interest that Arizona has in this case? Arizona. Arizona's substantial interest is making sure that its minors, once they cross the threshold into adulthood, get the full benefit of the statute of limitations for whatever cause of action it may be. So they keep that in terms of the minors? In every state. That's also true in New Mexico, isn't it? No. New Mexico gives one year statute of limitations. Well, I understand that you choose to give a year, and Arizona chooses to give them two years. But my question is, what is Arizona's substantial interest here? Well, I don't think it differs from New Mexico. I didn't see that, but a lot. Let me amend my question. What is the substantial interest that Arizona has in differencing the substantial interest Other than, I'm not talking about the choice of two years versus one year or three years or four years or whatever. I'm talking about the substantial interest in the NCCC. The underlying, you might call, substantial interest is making sure that the residents of Arizona have a full and fair opportunity to seek redress for injuries that have been done to them, both injuries in the breach of contract and in personal injuries. Arizona does not have the same substantial interest. So, the key, it seems to me, of your argument is that the plaintiff became an Arizona resident, in good faith, I call still a minor, and there's no foreign shopping involved. And so, if he had gone back to New Mexico to sue, they would have had no interest at that time because he was no longer a resident, and it would be different, I presume, if somebody just moves to the purpose of finding a longer statute of limitations. So, I think that's the part of the presentation of the case in the Ninth Circuit where people seem to have moved to California just to take advantage of its particular laws concerning banks and actions. I can't tell if it could, and I wonder if you could, whether or not the cause of action was in effect and in the other state at the time that they moved to California. I know the suit was brought 30 years after the underlying events occurred, and California had no statute of limitations, and therefore, it would have been timely under California law. But I'm not clear, looking at that case, whether or not the cause of action had expired in the State Board. Are you sure that's been brought? I thought it had. In your case, it had not when your client moved to Arizona. Not for Israel. For his mom. But you're not representing his mom. No, I'm not. Israel could have brought the case in New Mexico before he moved, or in Arizona before he did, correct? He could have. Well, yes and no. He could have done it in New Mexico via through his mother if she had wanted to. Right. But she did not do that. And in Arizona, had he brought it before age 18, it would have also been through his mother by another mother. So his choice about whether to bring it did not arise until what age? His choice, his cause of action and his choice. At age 18. That's my question. My question is, at what point could he have decided on his own that he wanted to pursue it without having somebody pursue it on his behalf, either in states on the day of his 18th birthday? The problem with New Mexico, I sort of went back into that, is it's a point of your statute for any cause of action. In New Mexico, it doesn't matter what the cause of action is. You get a point of your own as if. In Arizona, I will let you respond. Well, in Arizona, at the age of 10, as Judge Greenberg noted, I fully agree that this is the case of form. We're shocking. And there's no claim by anyone that the child would appear at age 10 who has committed a space for a lawsuit to a state letter. But Section 142 tells us that the form, Arizona, will apply its own statute of limitations, unless, B, as the claim would serve no substantial interest in the form, and the objective, the claim would be part of the statute of limitations of a state having a more significant relationship as New Mexico and it would have been part of New Mexico. So we really have only Section A applying here, which is it would serve no substantial interest in the form and I just think we're asking, in that context, if what the interest of Arizona's form is that differs in any particular way from New Mexico. Well, in response to your question, there's two points. And I'm happy if they don't give you the second point, because I might have it. Okay. First, tell me about the second point, B, again, because we don't know that. The thing about point A is Arizona is unique. It has the strongest constitutional protections of any state and nation as far as preserving the right to bring causes of action, to seek redress and grievances. It has a historical and traditional interest in protecting its residents and making sure that they have the full discretion to do that. How do I find that interest credential? Is that in the Constitution, is it? Well, it's in the case authority. Well, what's your source? Well, it's two places. Case authority is cited in the brief and in the Constitution, it's Article 18, Section 5, and Article 18, Section 76, which deals with the right to bring cause of action for injuries, which has been construed to be personal injuries of almost any kind. It would include a tort of insurance by faith. Article 18, Section 5 is the strangest constitutional clause in America. We stole it from Oklahoma. It was in the 1907 Oklahoma Constitution, but Oklahoma simply stopped enforcing it in 1922 or 1924. It basically says, In all cases whatsoever and in all times, the defense of contributory negligence is an assumption of the principle. Our issue is in fact solely for the jury. And in 1912, when we adopted our Constitution, that was 1st January of 1912, but there were articles across the nation saying that our Constitution was the product of a garden of zoological pranks. We were accused of being radicals, and the press seems to be on it, beyond the most radical it's ever been. And with that clause in Article 18, Section 6, our courts sometimes inconsistently, over the last few years, fairly steadily had to force those. Can we go back a second? I love wandering through the history of the Arizona Constitution. You've taken me there before. But I want to go back to Section 142. It's your argument that the Arizona statute applies would be, it doesn't discount New Mexico's interest in this case, does it? It doesn't require that we, indeed, Section 142 only applies if New Mexico has a more substantial interest because if Arizona had a more substantial interest, we wouldn't be fooling around with this. So we have to have New Mexico with a more substantial interest. The question is whether Arizona's arises to the level of substantiality. It's very substantial. It's very strong. It's a perfectly traditional Constitution. You don't have to convince us it's stronger than New Mexico's name. No, but I think it is. And then the part B that I asked you to tell me about, a state with a more significant relationship to the parties in the occurrence, and for this case, which is Israel-Japan versus the insurance company, those are the two parties. The state with the most significant relationship to Israel is Arizona. And as far as the insurance company committed, I mean, the policy was purchased in New Mexico. Right. The state of New Mexico. Right. The insurer lived in New Mexico. The insurer died in New Mexico. Well, the insurer didn't want the policy lived in New Mexico. I assume his life was insured. Yeah, but as far as the beneficiaries. Yeah, I'm talking about the beneficiaries.  do you? I don't mean B, but I just. And if you need B, as Judge Lucero suggests, you may be in some trouble. Well, I don't think I am, because when we're talking about the tort of bad faith, Matthew Chacon, the man who wrote the policy, is in a party. When we talk about the breach of contract, Matthew Chacon. When did the breach of contract occur? The breach of contract occurred when they denied. In New Mexico? Well, no, they didn't deny New Mexico. They denied it from claims offices in Texas. But at least at the time that the tort occurred, the focus of the tort was New Mexico. Because the mother was still living in New Mexico. As far as the mother is, and as we discussed earlier, I'm in trouble if I was trying to represent the mother in this, but I'm not. As far as Israel, where he, first his cause of action accrued in Arizona when he became an adult in 1818, so I submit to you, and I don't mean to spout suspenders, I apologize for misusing those, but I think that the parties of Israel and the insurance company and the occurrence is the insurance company and the breach of contract. Against who? I'd like to be quiet and sit down for a while. You're welcome. To say that the rest of you tapped for a bow. Thank you. Thank you, sir. Lisa Holmstrom. Thank you. May it please the Court, Christina Holmstrom on behalf of Apelli, Ohio State Life Insurance Company. And I understand from the questioning that just occurred that the Court does not appear to be very interested in whether Section 192 applies. I think you should assume that we will be interested in your analysis under Section 142. Okay. I'll start there then. And to be clear, no Court has ever recognized, at least that I've been able to find, or that Mr. Abney has been able to find, that an after-acquired state of residence can obtain a substantial interest in a claim just by virtue of the plaintiff having moved there. There is case law from the circuit directly. This is a case of a child moving there, like, for the purpose of the claim, right? That's not your argument. That's absolutely correct, Your Honor. We don't contend that Mr. Chico moved to Arizona for the purpose of farm-shopping. He was. Do you contest that Arizona has a substantial interest? We do, Your Honor. Tell me why. Under both the Wynn case, which is a case from the circuit, as well as the Pounders case, which is a case from the Arizona Supreme Court, it's clear that just living in a state does not mean that state has a substantial interest in it. But Mr. Abney says more. Israel does more than just live in Arizona. He was a minor when he came there with no ability to sue on his own. He absolutely was able to file a lawsuit. On his own? He could have filed a suit saying Israel Chacon v. Ohio State. I understand Arizona law wouldn't have to be through his next best friend. It would have to be through somebody else, but it would not have to have been through his mother. He and his parents... I understand, but he could not on his own bring a lawsuit until he became 18, correct? Correct. Under his own name, he could not bring a lawsuit until he became 18. So somebody else would have had to have made a decision to file a lawsuit on his behalf. That is true. But if he felt strongly he wanted to do that, he did have a lawyer. And he could have sought from the court going with a guardian ad litem to pursue a lawsuit on his behalf. So it was not as if he was without the ability to sue in either New Mexico or Arizona. How do you get this is not the case in which you're claiming any prejudice from the domain? Because it's one year later that he could have brought it under the New Mexico statute, right? Correct. I mean, we haven't really fleshed out the record through discovery such that I've had really the opportunity to explore latches, for instance. But, right, we're not alleging... Was your defense... There's a marginal difference. I mean, the death occurred a long time before he turned 18. And so that marginal distinction between age 19 and age 20, it seems hard to see how that would make a difference. Correct. Your Honor, this record does not have any evidence reflecting that my client suffered prejudice by virtue of the extra 254 days. That's not to preclude me from later... No, no, no. Your words will not be held against you in court at all. So, but back to my point, is that in the Wynn case and the Founders case, in both of those cases, the plaintiffs had acquired a different state of residency after their cause of action, the events giving rise to their cause of action occurred. And in the Founders case, the gentleman had lived in Arizona for 28 years before he was diagnosed with mesothelioma. And the Arizona Supreme Court looked at that and said, we're still going to apply New Mexico law. So... But that was a case in which it was merely choice of law, correct? Correct. So they were looking for the state with the most substantial interest. Right, under Section 145. And under general principles of conflict of law. And I don't doubt in your case, for purposes of our discussion, that Josiris is in question. That's why I readily concede that the form of my question was not meant to imply that somehow New Mexico had to, New Mexico had to have a greater interest than Arizona. So, all Founders tells me is that, that when choosing law, the state where the tort occurred, breathing in of the asbestos, has the more substantial interest, and therefore we choose his law. But 142 is a very special rule. 142 says even the state with the greater interest, if its statute of limitations bars the case, doesn't have its law applied as long as the forum has a substantial interest. So, Founders doesn't help me in that. Founders doesn't say Arizona has no interest. It just says that, I think it was in Kansas, I forget where. It was New Mexico. I know it was one of those states. One of those 10 circuit cases. That other state had a more substantial interest. That doesn't answer the question in front of me, does it? It doesn't, other than inferentially. I don't think that Founders actually said that Arizona also has a substantial interest. And section 142 does require not just an interest, but a substantial interest. And because Founders was decided under section 145, the court simply looked at whether New Mexico had the more substantial interest, and I don't think ever held that Arizona, by virtue of being the state where he resided when he was diagnosed, ever had a substantial interest. What is the, when a minor reaches the age of majority, is there any sort of principle that that's when the claim accrues, or is it simply that's when the already accrued claim can be brought in the person's own name? It's the latter, Your Honor. Arizona? Doesn't Arizona say, doesn't the statute say the claim accrues? No, the Arizona statute says that when a claim accrues before the age of majority, the time is extended. Accrual doesn't change. For the amount, but it's extended the exact same amount of time that would have applied had the original date of accrual applied. Correct. But the statute is. The reason I'm asking the question is one way to determine whether a state has a substantial interest is to determine whether the claim accrues in that state, and that's why I'm asking the question whether for this purpose, did the claim accrue in New Mexico when Plinkett was a little boy, or did it accrue when he turned 18 in Arizona? It occurred in New Mexico, Your Honor. The. . . In this case, I presume. Well, it's the language of the statute itself. The Arizona statute, which is 12-502, talks about a claim that accrues during minority, and then what happens is the statute of limitations, the limitations periods are extended. So in order for the statute to apply, the cause of action had to accrue during the age of minority. It's a total statute. It's a total statute, Your Honor. The cause of action that accrues, does the minor's claim accrue, or does the cause of action accrue? I'm not sure I appreciate the distinction between those two things. I'm not sure I do either. That's what I'm asking. Because it's very clear that in either state, if Mr. Chacon had chosen to pursue a claim against OSL through his mother, or through an attorney, or through a guardian, and lied to him, he would have been able to. Well, that's sort of unrealistic. You know, 8-year-olds have usually said, I'd like to go for such a lawyer so that I can, you know, obtain a guardian and lie to him. I mean, in fact, it was not in his power to cause that to happen in the real world, is it? For him to go out on his own and seek out an attorney, certainly as a teenager he would have been sophisticated enough to perhaps do that. But the law doesn't impose that burden on him, and that is why both states have tolling statutes that give him a period of time after he reaches the age of majority to bring any claims that he wants to bring. But let's say he lives in a community in Arizona. Let's say he's sophisticated enough to understand the laws better in front of him, and he knows that there's a 10-year statute of limitations, and he says, well, I think I have a claim. Is that a 10-year period? Well, the appearance of the law doesn't excuse him from it. So the law doesn't apply. The law doesn't apply. Does he have to know New Mexico, or does he need to know Arizona? Does he need to know Arizona in order to get his claim? When he's a little kid, he actually lives in New Mexico. Okay. When the child's living in Arizona, when he reached 18. When he reached 18, he was living in Arizona. So at the age of 18, he reaches the age of 18, where he has enough recess to communicate his legal rights, which is a huge majority. So he can go to the community, and you're all of a sudden expected to know some things. And so he's expected to know all of Arizona, so he's not just going to know all of New York and Texas and New Mexico and Colorado. So does that install him, or is he? The test set forth in the restatement doesn't go back to what the plaintiff may or may not know. The test that's set forth in the restatement, Section 142, goes to which state has a substantial interest. Well, it doesn't know whether the state has any substantial interest. Correct. No, it's not. No, no, no. Sorry. Words matter. It says maintenance of the claimant's servant. No substantial interest on the form. That's a very unique test. It's a very forgiving test. It is. However, there are three circumstances, all of which you satisfied here. That this Court has previously held A, that no substantial interest is served with respect to a specific claim. And that is when the plaintiff's only connection with the state is having moved there after the event has given rise to the cause of action. Your Honor, I think Section 142, and they all apologize to me, because they're working. No, go right ahead. Section 142, A, says that the statute of limitations of the forum state will apply unless the maintenance of the claimant's servant. No substantial interest in the forum. To say that the right of a minor reaching authority has two years to file a claim, it doesn't seem to me that there's no substantial interest. This Court has spoken to that precise issue not with respect to the minor, but with respect to plaintiffs in general in the Wing case. And what the Court says was where the state is merely the current residence of the plaintiff, the state has no substantial interest. Isn't part of the reason for that that an adult can forum shop and just look for a place? And doesn't that differ significantly from someone who moves somewhere as a young child without being able to choose it and just happens to be there? Certainly there's no forum shopping, do you, Your Honor? Again, we don't believe that there's forum shopping in this case. However, adopting a rule that would allow an after-acquired residency to confer substantial interest to the state, it still would be the first of its kind. Well, apparently there's no case in point, so whatever we do is first of its kind. Let me ask you about the Arizona statute. The Arizona statute says if a person entitled to bring an action, blah, blah, blah, blah, is at the time of the cause of action of either under 18, the period of such disability shall not be counted. So Arizona treats minors as disabled, and therefore the statute of limitations doesn't begin to run against them until they lose their disability. In New Mexico, the statute says we extend the statute for a year. Doesn't that suggest that Arizona has a substantial interest in protecting those elongated citizens who are disabled? No. Well, and again, I'm going to go back to the language of the restatement here. And the restatement talks about Arizona's substantial interest in the claim, in maintenance of the claim. There still has to be a connection between the claim and Arizona, and here there is not. There are many connections between Mr. Chacon and Arizona, but not with respect to the circumstances that gave rise to this lawsuit. All of those belong to New Mexico. Go on, do your view. Well, but, excuse me, I want to go to the language of 142 of the IMM, because it doesn't say that there has to be a connection between the claim and the substantial interest. It says the firm will apply its own statute of limitations permitting the claim unless maintenance of the claim would serve no substantial interest. And that's a little bit different than saying that the claim itself, on its merits, has to have a connection. Isn't that somewhat different? I think the merits of the claim rise and fall with the maintenance of the claim. But so is the status of the plaintiff and the defendant. Correct. But, again, I go back to the Ninth Circuit and the Arizona Supreme Court have not found substantial interest merely by virtue of residence. Well, no, that's not true, and that's not difficult. I don't know what you're arguing. The Arizona Supreme Court doesn't say, in the case you cite, that Arizona lacked a substantial interest. It just says the other state has a much, applying the restatement, says the other state plainly has a more significant interest. Correct. So citing an Arizona case that says that a resident of the state of Arizona has no substantial interest in maintenance of the claim. Citing a substantial interest based on residency alone would be an expansion of Arizona. No, I'm asking you a different question. There is no case that says so. There is no case. There's no case that says an Arizona resident doesn't have a substantial interest in bringing a claim. Here's my problem. We start, I think, under the restatement with the default that one applies the law of the form of statehood, correct? Correct. And then we apply the law of another state generally that has a more significant interest. Well, that's a different restatement provision. No, I understand, but this is in general. In general, that's the way the restatement works. In general, yes. The restatement starts off with the notion that the state has an interest in applying its own law, unless another state has a more substantial interest. Now, then we work backwards to 142, which is an exception in some cases to the general rule. I'm not certain I agree there, because I think at its core all of the restatement provisions for conflicts of law are really sort of default ways of getting at which state has the most significant interest in the cause of action. Doesn't Section 6 say that the state starts off with the notion that it applies its own laws, and then we move to other states' laws if either there's contractual provisions or common law reasons to do so? Well, Section 6 talks about the statutory directive first. So if there's a statutory directive, the inquiry is there. Right, but there isn't a statutory directive. Well, there is a statutory directive in the sense that Arizona's insurance chapter only applies Well, you may have a terrible claim. That's a separate issue. We'll have to fight that up later if he lives to fight another day. But as I say, unless there is a statutory directive, the Restatement Section 6 asks the court to go then look at different factors, five different factors, all of which get back to the parties, their relationships, and the expectation of those parties at the time their relationship formed. Isn't one of those factors where the case was brought? No. Well, I mean, one of the factors is relevant policies of the forum. Yes.  Sure. Yes, I acknowledge the fact that the first order of constitution would be to support the appeal between the time he obtained the policy and the events that led to his death. A little over a year. The policy was issued as of February 1, 2001. He died on February 28, 2002. Thank you, counsel. Thank you. Mr. Abney, you have a little time remaining. Thank you. Come in. The sound you heard was me walking on eggshells. I think this might be one of those rare cases where I'm sort of ahead at this point. I don't want to say anything monumentally off the point. Maintenance of the claim. I think, as a curious echo of Arizona law, maintenance of the claim bringing prosecuting. I think that the echo of Arizona law is. Is Arizona never the, in that context, the problem with maintenance of the claim in the Arizona case? Well, I think in that case. Bringing the. Do you think that the last thing they would want is the maintenance of the case to be given? So, maintenance to New Mexico. No, because what we're interested in, in Arizona, is allowing the opportunity to bring your claim to patrons and pay you up. They'll be re-recited. I deserve to testify. This is why I asked him. I think that is the echo of Arizona law, where it's not that you have a right to get money when you say somebody's harmed you. You have the right to go into court and try to convince the jury, or if it's a judge alone, try to convince the trial or fact in that case that there is a valid claim. Can I ask you the opposite of the question that you put yourself in? Can I ask you something different? This would be the first time a court has dealt with the situation and found that the statute of limitations moved with the claim, or would it not? It would be the first. That's the clearest case. I don't know of any nine certain cases. Or any of the other cases. Neither of you have been able to locate any. In fact, I had two comments I wanted to make to the court. The first comment was I think this is an important case of first impression. And I apologize. Arizona law has national implications as well as to how you apply their statements. So, of course, it may be a professional embarrassment. It's not an important case of first impression. It might be. It might be. The first thing I tell my law clerks when they start working with me is don't give me any beliefs. This is not a search. This is court. And it might come pretty close to beliefs. I noticed that during the course of the other arguments today. What I mean is, based on my research, I think this is a case of first impression in many ways. I don't go outside the record to say that we have two very good lawyers in front of us today. I take it. Ms. Alston said I couldn't find any case that ever did this. She's right. I think so. I couldn't. And when I say it might, it's a reflection of my limitations as a researcher. And the other point really is with a fight, you get a very, very good lawyer in front of time. And one other point, if I may, just take a minute. Okay. Can you wrap up? Three slides. Okay. Well, my wrap up concerns Daniel Webster. In the Dartmouth College case, he spent hours, and I think it actually turned out to be days, arguing the case in the U.S. Supreme Court. And the clerk of the court reported later that at the conclusion of his argument, with a small college out there, I suppose, there was not a dry eye in the House, including the justices. I don't have that capacity. But I think it's an important case, and I truly hope that you will all be in favor of it as well. Thank you very much. Thank you. The case just argued is submitted, and we do very much appreciate the helpful arguments from the counsel.
judges: Lucero, Graber, Hurwitz